UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-cv-80381-RLR

LAWRENCE FELTZIN,

Plaintiff,

v.

12214 HIGHWAY ONE REALTY LLC,

Defendant.

_____/

**DEFENDANT 12214 HIGHWAY ONE REALTY LLC's ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant, 12214 Highway One Realty, LLC ("Defendant"), answers the Complaint filed in the above captioned matter and alleges:

1. Admits that Plaintiff seeks to assert a claim under the Americans with Disability ("ADA") but denies the validity of such claim.

2. Admits.

3. Lack knowledge or information sufficient to form a belief.

4. Admits that Defendant owns the Property located at 12212-1224 U.S Highway 1, North Palm Beach, FL and denies the remaining allegations of paragraph 4.

5. Admits.

6. Lacks knowledge or information sufficient to form a belief.

**FACTUAL ALLEGATIONS**

7. Denied.

8. Defendant refers to the provisions of the ADA for its meaning and intent and denies the remaining allegations of paragraph 8 of the complaint.

9. Defendant refers to the provisions of the ADA for its meaning and intent and denies the remaining allegations of paragraph 9 of the complaint.

{00284-16949 / 01808167 v2}

10. Lacks knowledge or information sufficient to form a belief.

11. Lacks knowledge or information sufficient to form a belief.

12. Lacks knowledge or information sufficient to form a belief.

13. Admits.

14. Admits that the Property is open to the public. Lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 14.

15. Lacks knowledge or information sufficient to form a belief as to what Plaintiff may have found or what his future intent may be and denies the remaining allegations of paragraph 15.

16. Denied.

17. Admits that Defendant owns the Property referred to the ADA for its meaning and intent and denies the remaining allegations of paragraph 17.

18. Lacks knowledge or information sufficient to form a belief as to Plaintiff's beliefs or desires and denies the remaining allegations of paragraph 18.

19. Denied.

20. Denied.

**COUNT I – ADA VIOLATIONS AS TO 12214 HIGHWAY ONE REALTY, LLC**

21. Defendant repeats and alleges its responses to paragraph 1 through 20 as fully set forth herein.

22. Denied.

**RELIEF SOUGHT AND THE BASIS**

23. Denied.

24. Denied.

25. Denied.

{00284-16949 / 01808167 v2}

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff does not have standing to bring this claim; and accordingly, the Court lacks subject matter jurisdiction over this action. Further, there is no basis upon which the Court can issue an injunction against Defendant because Plaintiff has failed to allege a "real and immediate" threat of future injury, and his allegations as to a stated intent to return to the subject facility are not specific and concrete. Plaintiff has not demonstrated anything but a speculative or conjectural future injury, and thus, no injunctive relief is warranted. Moreover, Plaintiff lacks standing to challenge any alleged barriers of which he was unaware at the time of filing his Complaint (including as to any rooms or other areas he did not visit), and which do not relate to his own alleged disability. Without actual knowledge of such barriers, Plaintiff cannot show that he suffered an injury in fact to establish standing at the time of the filing of the Complaint.

2. Plaintiff has demanded modifications to the subject facility which are not readily achievable, are technically infeasible, are structurally impracticable, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, and/or accommodations provided, are not required under the ADA and/or would create an undue hardship on Defendant or otherwise result in a direct threat to the health or safety of others.

3. To the extent elements of the building do not comply with the corresponding elements in the ADA guidelines, such differences are within conventional building industry tolerances for field conditions.

4.	To the extent particular building elements do not comply exactly with the corresponding elements in the ADA guidelines, such elements provide substantially equivalent or greater access to, and usability of the facility and services have been made available through permissible alternative methods.

5.	To the extent some of the modifications demanded by Plaintiff are subject to and limited by applicable local, state, or other laws or regulations, such modifications may not be able to be performed, presuming that such modifications might otherwise be required, which Defendant denies.

WHEREFORE, Defendant, 12214 Highway One Realty, Inc., requests that judgment enter in its favor and against plaintiff dismissing the complaint, together with costs.

NASON YEAGER GERSON HARRIS
& FUMERO, P.A.
3001 PGA Boulevard, Suite 305
Palm Beach Gardens, FL  33410
Phone: (561) 686-3307
Fax : (561) 686-5442
gwoodfield@nasonyeager.com
kruas@nasonyeager.com

By: /s/ Gary A. Woodfield
     Gary A. Woodfield, Esq.
     FL Bar No. 0563102

Attorneys for Defendant, 12214 Highway One Realty, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, a true and accurate copy of the foregoing has been furnished by CM/ECF electronic service to the following: Armando Mejia, Esq., and Beverly Virues, Esq., Law Firm of Garcia-Menocal & Perez, P. L., 350 Sevilla Avenue, Suite 200 Coral Gables, FL 33134; Ramon J. Diego, Esq., The Law Office of Ramon J. Diego, P.A., 5001 SW 74th Court, Suite 103, Miami, FL 33155; and to those parties receiving electronic notices via CM/ECF.

                                      By: /s/ Gary A. Woodfield
                                             Gary A. Woodfield, Esq.
                                             FL Bar No. 0563102